# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JORGE ALBERTO VARGAS-RIOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:19-mc-00019 |
| ) | |
| GUILD MORTGAGE COMPANY and ) | JUDGE CAMPBELL |
| DEPARTMENT OF VETERAN ) | |
| AFFAIRS – Loan Guaranty Service, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Jorge Alberto Vargas-Rios' Motion for Registration of Foreign Judgment. As set forth herein, the Court lacks the authority to grant the motion.

Vargas-Rios represents that he obtained an arbitration award in an arbitration proceeding conducted in the State of California. Attached to his motion is a copy of the Arbitration Award In the Matter of the Arbitration Between Vargas-Rios v. Guild Mortgage Co. et al., Case No. 9104318140-JAVR-B96555.01, issued on April 18, 2019. (Doc. No. 1-1.) The motion filed in this Court states, in its entirety:

> I am asking the Court to register a foreign judgment award that was given thru arbitration, I am moving now to the state of Tennessee and will not be returning soon to the state of California where arbitration was completed.

(Doc. No. 1, at 1.)

Section 9 of the Federal Arbitration Act provides that, if an arbitration agreement provides that a court judgment shall be entered by a specific court upon an arbitration award, "then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. Plaintiff here has not provided a copy

of the arbitration agreement governing his relationship with the defendants, nor does he represent that the arbitration agreement specifies that *this* Court may enter judgment.

Section 9 also provides that if the arbitration agreement does not specify a specific court, "then such application may be made to the United States court in and for the district within which such award was made." *Id.* In other words, Plaintiff needs to apply to the California federal district court in and for the district in which the arbitration award was issued. Based on the return address on the envelope in which the arbitration award was mailed to Plaintiff (*see* Doc. No. 1-1, at 1), it appears the arbitration award was entered by an arbitrator in Kern County, California. If that is the case, then Plaintiff must apply to the United States District Court for the Eastern District of California to enter an order confirming the arbitration award.

Thereafter, Plaintiff may seek the registration of that judgment in other United States district courts for the purposes of execution. 28 U.S.C. § 1963. Section 1963 provides that a

> judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

*Id.*

In sum, this Court is not the proper district in which to seek a judgment confirming the arbitration award. And, once Plaintiff obtains such an order from the appropriate court, he may register that judgment in this district only by showing good cause.

Accordingly, the Motion for Registration of Foreign Judgment is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE